IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIKE YELLEN, ET AL., | CIVIL NO. 25-00002 JAO-BMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS NONCOMPLIANT PLAINTIFFS |
| JOE BIDEN, ET AL.,, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS
NONCOMPLIANT PLAINTIFFS

The Complaint in this case was filed on October 15, 2024. ECF No. 1. On February 9, 2025, a First Amended Civil Rights Complaint ("FAC") was filed. ECF No. 221. On February 18, 2025, the Court noted that the FAC "added dozens of plaintiffs, all of whom are proceeding pro se" and some of whom did not provide a mailing address or email address. ECF No. 229. The Court further noted that, without contact information for these plaintiffs, "neither the Court nor any other parties have any means of transmitting and serving documents and court filings for these pro se plaintiffs." See id. Therefore, the Court ordered all plaintiffs to either (1) complete and file HID Form 12 entitled "Pro Se (Non-Prisoner) Consent to Receive Documents and Notices of Electronic Filing by Email," or (2) file a Notice of Address/Email which includes their name, mailing

address and email address.  See id.  The Court ordered plaintiffs to comply by February 28, 2025 and noted that "[f]ailure to do so may result in sanctions."  See id.  Numerous plaintiffs did not comply with this Court order (hereinafter referred to as "Noncompliant Plaintiffs"), and as such, this Court has no contact information for them.[1]

Courts do not take failures to comply with court orders lightly.  Federal Rule of Civil Procedure 41(b) authorizes courts to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).  Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  See Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

---

[1] The Noncompliant Plaintiffs are identified on the docket as:  Bronson DeKneff, Caleb Sollars, Cesar Escobar, Diane Best, Gustave Link, James T. Williams, Jasmine Y. Arango, Justin C. Leslie, Karl Magalhaes, Kendall L. Keller, Laurie Shannon Miller (Skimmerhorn), Vanessa Browne, Melissa A. Fassett, Steve Malcom, Michelle E. Williams, Edward Burke, Holly Sheldon-Lee, Hesse A. Papach, Jaleen Borom, Joshua Gandy, Melisa Overcash, Laurie Miller, Lori Havey, Marilya Tate, Sheri Harrey, Sophia Hart, Tracy Curtis, Suzanne Shelton, Greg Jones, Jessica Montana, Paul Wilderson, Tracy Juris, and Bradley S. White.

defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

As noted above, numerous Noncompliant Plaintiffs did not comply with the Court's February 18, 2025 order to file either HID Form 12 or a Notice of Address/Email. The Court also ordered all parties "to monitor the Court docket in this case to keep abreast of all court filings and proceedings." ECF No. 229. Further, the Court stated that a party's "[f]ailure to do so, especially where an individual plaintiff has not yet consented to receive electronic notice and has not filed a notice of their name, address and email address, will not be excused by the Court." See id. The Court explicitly cautioned the parties that failure to provide the Court with their contact information may result in sanctions, including dismissal of their claims. See id. (citing Local Rule 83.1(e)(2)).

In view of the Noncompliant Plaintiffs' violation of the Court's February 18, 2025 order, the Court finds that the Pagtalunan factors support dismissal of their claims. The public's interest in expeditious resolution of their claims strongly favors dismissal, see Pagtalunan, 291 F.3d at 642 (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted),

3

as does the Court's need to manage its docket.  Id. (citing Ferdik, 963 F.2d at 1261).  Moreover, the Court finds no risk of prejudice to Defendants.  Finally, there are no less drastic alternatives available at this time.  The Court previously warned Noncompliant Plaintiffs that sanctions including dismissal may be appropriate.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because the preceding factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the Noncompliant Plaintiffs listed in footnote 1 above be DISMISSED for failure to comply with this Court's February 18, 2025 order.[2]

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 7, 2025.



Barry M. Kurren
United States Magistrate Judge

Yellen, et al. v. Biden, et al.; CIVIL NO. 25-00002 JAO-BMK; FINDINGS AND
RECOMMENDATION TO DISMISS NONCOMPLIANT PLAINTIFFS.