IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIKE YELLEN, ET AL.,<br><br>               Plaintiffs,<br><br>   vs.<br><br>JOE BIDEN, ET AL.,<br><br>               Defendants. | CIV. NO. 25-00002 JAO-BMK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS NONCOMPLIANT PLAINTIFFS (ECF NO. 282) |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO
DISMISS NONCOMPLIANT PLAINTIFFS (ECF NO. 282)**

Before the Court are Magistrate Judge Kurren's Findings and

Recommendation to Dismiss Noncompliant Plaintiffs ("F&R"), ECF No. 282, and

Plaintiff Mike Yellen's Response to This Court's Finding and Recommendations

to Dismiss Noncomplaint [sic] Plaintiffs, ECF No. 283, which the Court construes

as objections to the F&R ("Objections").  For the following reasons, the Court

rejects Plaintiff Yellen's Objections and ADOPTS the F&R.

I.      BACKGROUND

Pro se Plaintiffs filed the operative amended complaint in this case ("FAC")

on February 9, 2025.  Shortly thereafter, the Court noted that most Plaintiffs did

not provide the Court with any means of transmitting and serving documents to

them and ordered them to file, by February 28, either: (1) a HID Form 12 entitled

"Pro Se (Non-Prisoner) Consent to Receive Documents and Notices of Electronic Filing by Email" or (2) Notice of Address/Email.  *See* ECF No. 229.  The Court cautioned that failure to comply with the Court's order could result in the Court imposing sanctions, including dismissal of the case.  *See id.*  Numerous Plaintiffs did not comply with the Court's order ("Noncompliant Plaintiffs").[1]

On April 7, 2025, Magistrate Judge Kurren issued the F&R, recommending that the Court dismiss the Noncompliant Plaintiffs for failure to comply with the Court's order.  ECF No. 282.  The following day, Plaintiff Yellen filed his Objection.  The Court decides this matter without a hearing.  *See* LR7.1(d).

## II.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)

---

[1]  These Plaintiffs are identified on the docket as:  Bronson DeKneff, Caleb Sollars, Cesar Escobar, Diane Best, Gustave Link, James T. Williams, Jasmine Y. Arango, Justin C. Leslie, Karl Magalhaes, Kendall L. Keller, Laurie Shannon Miller (Skimmerhorn), Vanessa Browne, Melissa A. Fassett, Steve Malcolm, Michelle E. Williams, Edward Burke, Holly Sheldon-Lee, Hesse A. Papach, Jaleen Borom, Joshua Gandy, Melisa Overcash, Laurie Miller, Lori Havey, Marilya Tate, Sheri Harrey, Sophia Hart, Tracy Curtis, Suzanne Shelton, Greg Jones, Jessica Montana, Paul Wilderson, Tracy Juris, and Bradley S. White.

("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. . . . Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, finding and recommendations that the parties themselves accept as correct.").

### III.    DISCUSSION

In his Objection to the F&R, Plaintiff Mike Yellen states that he "understands this Court's reasoning, but request[s] that the Court not dismiss the Plaintiffs." ECF No. 283 at 1. Yellen then offers some of the email and mailing addresses for certain Noncompliant Plaintiffs, and requests "14 days to provide this Court with all the mailing addresses of all the named Plaintiffs in this motion." *Id.* at 3.

As a preliminary matter, the Court construes the Objection as being brought by Yellen only. The Court has repeatedly warned Yellen that he is prohibited from representing anyone other than himself in this action. *See* ECF Nos. 150, 227. "While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874 (9th Cir. 1997) (internal quotation marks and alterations omitted); *see also* LR81.1(a) ("Those proceeding without an attorney, i.e., 'pro se' or 'in propria persona,' must appear personally on behalf of themselves only and

may not delegate that duty to another who is not authorized to practice in this

court.  Pro se litigants shall abide by all local, federal, and other applicable rules

and/or statutes.").  There is no indication that Yellen is a licensed attorney, much

less one authorized to practice in this Court.  Yellen is therefore permitted to bring

claims and file motions and pleadings *on his own behalf*, but not on behalf of

other Plaintiffs.  In other words, Yellen cannot respond to the Court's order by

supplying email and mailing addresses at the behest of other Plaintiffs.[2]

Setting that aside, Yellen does not actually contest any specific portion of

the F&R or otherwise explain or provide any authority for why this Court should

not adopt the F&R.  *See* LR74.1(a) ("The objection must specifically designate the

portions of the magistrate judge's order or findings and recommendations to

which the party is objecting and the basis of the objection.").  Yellen instead

admits that he "understands this Court's reasoning" but nonetheless "requests that

the Court not dismiss the Plaintiffs."  *See* ECF No. 283 at 1.  Absent specific

objections, the Court is not required to conduct de novo review.  *See Reyna-Tapia*,

328 F.3d at 1121.  Notwithstanding the lack of any particular objections, the Court

---

[2]  In Hawai'i, the unauthorized practice of law is a misdemeanor.  *See* Haw. Rev.
Stat. § 605-17.  If Yellen continues to represent other Plaintiffs in this matter, the
Court may issue an order to show cause why he should not be personally
sanctioned.  *See Malinay v. Nishimura*, 2013 WL 4240460, at *2 (D. Haw. Aug.
14, 2013).

has considered the F&R and the records in this case, finds no reason to reject or

modify Judge Kurren's F&R, and therefore adopts the F&R in full.

## IV.   CONCLUSION

For the reasons stated above, the Court ADOPTS the F&R, ECF No. 282,

and DISMISSES the Noncompliant Plaintiffs listed in footnote 1.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 24, 2025.



Jill A. Otake
United States District Judge

CIV. NO. 25-00002 JAO-BMK, *Yellen, et al. v. Joe Biden, et al.*; ORDER ADOPTING
FINDINGS AND RECOMMENDATION TO DISMISS NONCOMPLIANT PLAINTIFFS
(ECF NO. 282)